### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) J.C., a minor, by and through his mother, LUISA FERNANDA SUTTON,<br><br>   Plaintiff,<br><br>v.<br><br>(1) LAVERNE PUBLIC SCHOOL DISTRICT, ISD No. 1, HARPER COUNTY, OKLAHOMA; (2) KYNDRA ALLEN; (3) EDDIE THOMAS; (4) RICHARD WELLS; (5) ANDY CUNNINGHAM,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 5:18-cv-00197-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR DELIVERY OF PROPERTY OF
MINOR TO PARENT AND BRIEF IN SUPPORT**

  Luisa Fernanda Sutton, Plaintiff herein and mother of J.C., a minor, moves for the Court to enter an Order directing delivery to her of certain property of the Estate of said minor in accordance with Oklahoma law. In support hereof, she would show the Court as follows:

  1.  On the 29th day of January, 2019, this Court entered its Order Approving Compromise Settlement. Pursuant thereto and in accordance with 12 O.S. §83, the Court directed that the sum of $7,750.00 be deposited in Great Plains Bank, City of Woodward, State of Oklahoma, for the benefit of J.C., a minor. It further ordered that the settlement funds not be withdrawn prior to the 18th birthday of said minor without further order of the Court.

2.      In accordance therewith, counsel for Plaintiff delivered said $7,750.00 to Great Plains Bank, Woodward, Oklahoma.  Great Plains bank acknowledged receipt of said funds and that said funds are subject to supervision of the United States District Court for the Western District of Oklahoma, to be withdrawn only upon order of said Court.  The receipt from said bank was filed herein on February 28, 2019.

3.      J.C., a minor, will reach the age of majority (18 years) on June 21, 2019. Plaintiff believes it is in the best interest of the minor that the $7,750.00 deposited in Great Plains Bank, Woodward, be delivered to her to preserve and use for the benefit of the minor's necessary expenses and education, rather than be left in the hands of the minor to be used for other purposes less beneficial to the minor. The minor has demonstrated by recent actions that he does not make decisions about his actions that are personally beneficial and appropriate.  The minor has returned to the country of his birth, Colombia, and no longer resides in this jurisdiction.   The minor has no plans to return to this jurisdiction.

4.      The total value of the property of the estate of the minor is less than Ten Thousand and no/100 Dollars ($10,000.00).  In addition to the $7,750.00 on deposit in Great Plains Bank, the estate consists of clothing and personal items worth less than One Thousand and no/100 Dollars ($1,000.00).

## ARGUMENT AND AUTHORITIES

5.      Pursuant to 30 O.S. §2-116, when the estate of a minor does not exceed $10,000.00, the Court may, in its discretion, without the appointment of a guardian or the giving of bond, authorize and direct the payment or delivery of the property of the minor,

or any portion thereof, to the parent of the minor. There is no limit on the discretion of the court other than the best interests of the minor.

6. In such instance, the person receiving the property shall pay the necessary expenses of the minor and hold, manage and dispose of the property in the manner directed by the Court. The Plaintiff respectfully requests that the Court enter its order for payment of the $7,750.00 to Plaintiff to be used for the necessary expenses of the minor and otherwise solely for the educational expenses of the minor.

7. Based on the facts set forth above Plaintiff believes and alleges that it is in the best interest of the minor that the $7,750.00 on deposit in Great Plains Bank be delivered to her to be used for the necessary expenses of the minor and otherwise solely for the educational expenses of the minor.

8. Plaintiff requests that the Court set this matter for a prompt hearing after notice to the minor and to the father of the minor, Jose Manuel Castillejo Guzman, who resides in Colombia, with such notice to the minor and the father, being given via the father's current email address, from which he corresponds with Plaintiff via the internet.

9. Plaintiff further requests that the Court order, in accordance with 30 O.S. §2-116, that upon payment of the $7,750.00 to Plaintiff Great Plains Bank be discharged and released to the same extent as if Payment was made to a guardian of the minor, and that it is not required to see to the application of said funds.

WHEREFORE, Plaintiff prays that the Court set this matter for a prompt hearing, and upon hearing this Motion enter its order for payment of the funds on deposit in Great Plains Bank to the Plaintiff, without requiring a bond, with Plaintiff to use the funds for

the limited purposes as set forth above, that Great Plains Bank be released and discharged according to statute, and for such other and further relief as the court deems just and equitable in the circumstances.

                Respectfully submitted,

                s/Jimmy K. Goodman
                JIMMY K. GOODMAN, OBA #3451
                J. BLAKE JOHNSON, OBA #32433
                CROWE & DUNLEVY
                A Professional Corporation
                Braniff Building
                324 N. Robinson Ave., Suite 100
                Oklahoma City, Oklahoma 73102
                (405) 235-7700
                (405) 239-6651 (Facsimile)
                jimmy.goodman@crowedunlevy.com
                blake.johnson@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2019, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

    Laura L. Holmes -- lholmes@cfel.com

and to J.C., a minor, and Jose Manuel Castillejo Guzman, at jmcastilg@gmail.com

                s/Jimmy K. Goodman